UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO SCALANT,<br><br>   Plaintiff,<br><br>v.<br><br>SANTA CRUZ COUNTY JAIL SHERIFFS ADMINISTRATION, et al.,<br><br>   Defendants. | Case No. 23-cv-06304-RFL<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Alberto Scalant, a detainee at Santa Cruz County Jail, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend, and Plaintiff filed a second amended complaint. The second amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

When liberally construed, Plaintiff states a claim against Defendant Dr. S. Fratianni for violating his right to adequate medical care. All other claims and Defendants are DISMISSED without leave to amend. Defendant shall file a response to the second amended complaint, a dispositive motion, or a notice regarding such motion, on or before **May 7, 2025**.

## DISCUSSION

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

1

28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that he received inadequate medical care at the county jail.

A claim for a violation of a detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment.  *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018).  The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the

>circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125.  For the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular case." *Id*. (citations and internal quotation marks omitted).  A lack of due care by a state official is not enough.  *See Alexander v. Nguyen*, 78F.4th 1140, 1144-46 (9th Cir. 2023).  The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent – something akin to reckless disregard.  *Gordon*, 888 F.3d at 1125.

In the original and amended complaint, Plaintiff alleged that he was prescribed Zyprexa, but was not informed of every possible side effect of the medication.  He provided little information about the side effects or how his constitutional rights were violated.  The complaints were dismissed with leave to amend because Plaintiff did not identify the actions of specific Defendants and only alleged a difference of medical opinion which was insufficient to state a federal claim.  *See Andrich v. Arpaio*, 858 F. App'x 245, 247 (9th Cir. 2021) (affirming summary judgment on pretrial detainee's claim, where he established only a difference of medical opinion).

The second amended complaint only partially addresses the deficiencies noted by the Court.  Plaintiff does present one specific allegation and has now identified the Defendant involved.  Plaintiff states that after taking Zyprexa he was swollen, had breathing problems, gained sixty pounds, and could push down on his skin and leave an imprint.  He alleges that he reported these issues to Dr. Fratianni, who failed to properly diagnose Plaintiff, review his medications, consult with other doctors, or refer Plaintiff to an outside doctor.  Due to Dr. Fratianni's alleged failure to provide adequate treatment, Plaintiff alleges that he continued to suffer from these issues and his immune system weakened, leading to a Shingles outbreak.  Liberally construed, Plaintiff states a Fourteenth Amendment claim against Dr. Fratianni for deliberate indifference in the failure to provide adequate medical care.

With respect to the other claims and Defendants, Plaintiff again generally argues that

several doctors and the private company that contracted to provide medical care at the jail failed to properly treat him, but he again fails to provide specific details about how the Defendants violated his constitutional rights. Simply stating that medical personnel prescribed a drug that caused side effects or did not properly treat him, without additional allegations and information, is insufficient. Plaintiff has been provided several opportunities to amend and providing further amendment would be futile; therefore, these Defendants and claims are dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. All claims and Defendants are DISMISSED without leave to amend except for the Fourteenth Amendment claim against Dr. Fratianni for failure to provide adequate medical care.

2. Defendant Dr. S. Fratianni shall be served at **Santa Cruz County Jail**. Plaintiff indicates that Dr. Fratianni may be employed by NaphCare. The Clerk shall issue a summons and the United States Marshal shall serve Defendant without prepayment of fees, a copy of the Second Amended Complaint (Dkt. No. 15) and all attachments thereto, and a copy of this order. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

3. On or before **May 7, 2025**, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

    a. If Defendant elects to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified

immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than forty-five (45) days from the date Defendant's motion is filed.

5. Defendant shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendant, or on Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under the Federal Rule of Civil Procedure is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order. Such requests must be made directly to jail officials, not to the Court.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: January 6, 2025

_____
RITA F. LIN
United States District Judge