
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO SCALANT,<br><br>        Plaintiff,<br><br>   v.<br><br>S. FRATIANNI,<br><br>        Defendant. | Case No. 23-cv-06304-RFL<br><br>**ORDER**<br><br>Re: Dkt. No. 32 |

     Alberto Scalant, a detainee, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court ordered service on Plaintiff's claim that Defendant Dr. S. Fratianni violated his right to adequate medical care at the county jail. Plaintiff has filed a motion to appoint counsel.

     There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis* as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Here, Plaintiff argues that this case is complex, and he will have difficulty prosecuting the action due to his confinement. (Dkt. No. 32 at 1-2.) These circumstances are not sufficiently "exceptional" to

warrant appointment of counsel at this time.  The Court determines that this action does not present complex legal issues, and Plaintiff has ably prosecuted this case and several other actions in this Court.  It is too early in this litigation for the Court to determine the likelihood of success on the merits.  The motion is denied without prejudice.

Defendant has not yet filed a dispositive motion.  On or before **January 20, 2026**, Defendant shall file a dispositive motion or indicate that none will be filed.  The parties shall follow the instructions in the Court's prior order (Dkt. No. 25), which remain in effect.

The Clerk shall terminate Dkt. No. 32.

**IT IS SO ORDERED.**

Dated: December 16, 2025

RITA F. LIN
United States District Judge