UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO SCALANT,<br><br>       Plaintiff,<br><br>   v.<br><br>S. FRATIANNI,<br><br>       Defendant. | Case No.  23-cv-06304-RFL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 34 |

**INTRODUCTION**

Plaintiff Alberto Scalant alleges in his 42 U.S.C. § 1983 complaint that Defendant Dr. Fratianni provided inadequate medical care while he was at Santa Cruz County Jail.  Defendant filed a motion to dismiss the operative second amended complaint under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 34.)

Defendant's motion to dismiss is DENIED.  Defendant shall file a motion for summary judgment or a notice regarding such motion, on or before **September 4, 2026**.

**BACKGROUND**

In the second amended complaint, Plaintiff alleges as follows:  Due to taking the prescription medication Zyprexa, he began to experience severe side effects including swelling, weight gain of 60 pounds, and trouble breathing.  (Dkt. No. 15 at 3.)  Defendant failed to inform Plaintiff of the potential side effects of the medication and failed to properly treat him.  (*Id.*) Plaintiff informed Defendant of his symptoms, but Defendant failed to properly diagnose him, consult with other doctors at the jail, submit a referral to an outside provider, or review his medications to see if that was the cause.  (*Id.* at 3-4.)  As a result, Plaintiff's immune system was

1

severely weakened, which led to a shingles outbreak.  (*Id*. at 3.)

Defendant filed a motion to dismiss under Rule 12(b)(6), which is the subject of the present order.  (Dkt. No 34.)  Plaintiff filed an opposition (Dkt. Nos. 39, 40), but Defendant did not file a reply.

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

In ruling on a Rule 12(b)(6) motion, a court is limited to the contents of the complaint. "The focus of any Rule 12(b)(6) dismissal—both in the trial court and on appeal—is the complaint."  *Schneider v. CDCR*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (noting that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

A claim for a violation of a detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment.  *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018).  The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct

2

obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125.  For the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular case." *Id.* (citations and internal quotation marks omitted).  A lack of due care by a state official is not enough.  *See Alexander v. Nguyen*, 78F.4th 1140, 1144-46 (9th Cir. 2023).  The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent – something akin to reckless disregard.  *Gordon*, 888 F.3d at 1125

## DISCUSSION

Defendant argues that the allegations in the second amended complaint fail to allege facts that plausibly state a claim.  (Mot. to Dismiss (MTD), Dkt. No. 34 at 1.)  Defendant contends that there are no plausible allegations that he made an intentional decision that exposed Plaintiff to a substantial risk of serious harm, that he failed to take reasonable measures despite appreciating a high degree of risk, and that his conduct was objectively unreasonable under the Fourteenth Amendment.  (*Id.* at 2.)  Defendant states that Plaintiff failed to set forth what complaints he communicated to Defendant, and what decisions he made in response to those complaints.  (*Id.* at 3-4.)

Plaintiff's allegations are sufficient.  Plaintiff alleged in the second amended complaint that he informed Defendant of his symptoms, but Defendant could not properly diagnose him, failed to consult with other doctors at the jail, failed to submit a referral to an outside provider, and failed to review his medications to look for the cause of his medical issues.  Plaintiff told Defendant that he was experiencing swelling, severe weight gain, and trouble breathing.  While lacking in some specifics, Plaintiff presented sufficient allegations that Defendant's actions put him at substantial risk of suffering serious harm and Defendant did not take reasonable available measures to abate that risk, and the failure to act caused Plaintiff's weakened immune system and the shingles outbreak.

*Pro se* pleadings must be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  In this case, Plaintiff's allegations, while not a perfect model of clarity, demonstrate more than just negligence to support a Fourteenth Amendment claim at this stage of the litigation.  *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642-43 (9th Cir. 2018) (disagreeing with district court that plaintiff's allegations that police officers "beat the crap out of" him was too vague and conclusory to support a legally cognizable claim; plaintiff's use of a colloquial, shorthand phrase made plain that he was alleging that officers' use of force was unreasonably excessive and allegations about resulting injuries reinforced this conclusion).

<b>CONCLUSION</b>

Defendant's motion to dismiss (Dkt. No. 34) is DENIED.

On or before **September 2, 2026**, Defendant shall file a motion for summary judgment. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

All other aspects of the Order of Service (Dkt. No. 16) remain in effect and the parties must follow the guidelines of that order.

The Clerk shall terminate Dkt. No. 34.

**IT IS SO ORDERED.**

Dated: May 29, 2026

RITA F. LIN
United States District Judge